IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01642-WJM-KLM

LATONYA DENISE DAVIS,

      Plaintiff,

v.

LAKEWOOD POLICE OFFICER TODD CLIFFORD;
LAKEWOOD POLICE SARGEANT TODD FAHLSING;
LAKEWOOD POLICE SARGEANT MICHELE WAGNER;
LAKEWOOD POLICE SARGEANT MICHELLE CURRANT;
CITY OF LAKEWOOD, jointly and severally,

      Defendants.

_____

**LAKEWOOD DEFENDANTS' PARTIAL ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**
_____

      Defendants Todd Clifford, Todd Fahlsing, Michele Wagner, and the City of
Lakewood ("Lakewood Defendants")[1] through their attorneys, Thomas J. Lyons, Esq.
and Matthew J. Hegarty, Esq. of Hall & Evans, L.L.C., and pursuant to Fed. R. Civ. P.
12(b)(6), hereby submit their partial answer, defenses, and affirmative defenses to
Plaintiff's Complaint as follows:[2]

_____

[1] Defendant Michelle Current retained separate counsel and does not join this Answer.
Lakewood Defendants represent that "Current" is the proper spelling of Current's name.
Nevertheless, Lakewood Defendants hereby incorporate by this reference any
applicable defenses or affirmative defenses in any Answer filed by Current. Moreover,
no response is required from Lakewood Defendants as to Current.
[2] Lakewood Defendants have submitted a Partial Motion to Dismiss various claims
alleged against them in Plaintiff's Complaint. [ECF No. 21]

**JURISDICTION AND VENUE**

1.      Lakewood Defendants admit Plaintiff brings various claims alleging violation of her constitutional rights, but state that Plaintiff's claims are without merit and that Plaintiff is not entitled to any of the relief she seeks in the Complaint to the extent alleged in Jurisdictional Paragraph 1 of Plaintiff's Complaint.  Lakewood Defendants admit this Court has jurisdiction over matters involving federal questions pursuant to 28 U.S.C. § 1331, but deny 42 U.S.C. § 1983 provides an independent basis for this Court's jurisdiction, to the extent Plaintiff may assert such claims in proper fashion to the extent alleged in Jurisdictional Paragraph 1.  Lakewood Defendants deny all other allegations in Jurisdictional Paragraph 1 while noting that federal rules and statutes speak for themselves.

2.      Lakewood Defendants admit venue is proper in this matter to the extent asserted in Jurisdictional Paragraph 2 of Plaintiff's Complaint, but state that Plaintiff's claims are without merit and that Plaintiff is not entitled to any of the relief she seeks in the Complaint to the extent alleged in Jurisdictional Paragraph 2 of Plaintiff's Complaint. The remaining allegations in Jurisdictional Paragraph 2 of Plaintiff's Complaint are an effort to state a legal conclusion, and therefore no response is required.  To the extent the remaining allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations, requiring that such allegations be denied.

**PARTIES**

3.     On information and belief, Lakewood Defendants admit Plaintiff resided in Lakewood, Colorado, during the time period relevant to her Complaint.   However, Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations in Paragraph 1 of Plaintiff's Complaint, requiring that such allegations be denied.

4.     Lakewood Defendants admit that Officer Todd Clifford, Sergeant Todd Fahlsing, and Sergeant Michele Wagner were employed by the City of Lakewood and were police officers for the City of Lakewood during the time period relevant to Plaintiff's Complaint.   The remaining allegations in Paragraph 2 of Plaintiff's Complaint seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the remaining allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations, requiring that such allegations be denied.

5.     Lakewood Defendants admit the City of Lakewood, Colorado, is a public entity and was the employer of Officer Todd Clifford, Sergeant Todd Fahlsing, and Sergeant Michele Wagner during what appears to be the time period relevant to Plaintiff's Complaint.   The remaining allegations in Paragraph 3 of Plaintiff's Complaint seek to state an objectionable legal conclusion, and therefore no response is required. To the extent the remaining allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations, requiring that such allegations be denied.

6.     The allegations in Paragraph 4 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required. To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.  Lakewood Defendants also deny any liability in their "official and individual capacities."

7.     The allegations in Paragraph 5 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required. To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

## STATEMENT OF FACTS

8.     Lakewood Defendants admit that on or about February 25, 2012 at approximately 11:35 p.m., Plaintiff was traveling northbound on Wadsworth Boulevard, north of Alameda Avenue, when Officer Clifford initiated a traffic stop.   Lakewood Defendants state that Plaintiff had an active warrant for her arrest for driving without insurance.  Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint, requiring that such allegations be denied.

9.     Lakewood Defendants admit Plaintiff stopped the vehicle she was driving at or about 98 Wadsworth Boulevard, Lakewood, Colorado.  Lakewood Defendants are

without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint, requiring that such allegations be denied.

10.     Lakewood Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint as stated.  Lakewood Defendants admit Officer Clifford approached Plaintiff's vehicle and that he eventually gave an order for her to exit her vehicle. Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint, requiring that such allegations be denied.

11.     Lakewood Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint as stated.  Lakewood Defendants admit that, after Officer Clifford initiated the traffic stop, at some point Sergeant Fahlsing and Sergeant Wagner arrived on the scene and approached Plaintiff's vehicle.  Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint, requiring that such allegations be denied.

12.     Lakewood Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint, requiring that such allegations be denied.

13.     Lakewood Defendants deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint as stated.  Lakewood Defendants admit Sergeant Fahlsing applied his ASP baton to the driver side window of Plaintiff's vehicle with an amount of force sufficient to break the window, causing the window to break.  Lakewood Defendants are

without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint, requiring that such allegations be denied.

14.     Lakewood Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

15.     Lakewood Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

16.     Lakewood Defendants admit a paramedic was called to the scene, but are without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint, requiring that such allegations be denied.

17.     Lakewood Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint, requiring that such allegations be denied.

18.     Lakewood Defendants admit the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

19.     As to the allegations in Paragraph 17 of Plaintiff's Complaint, Lakewood Defendants deny that as a result of Lakewood Defendants' actions Plaintiff suffered any personal injuries or mental distress.   Lakewood Defendants are without knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint, requiring that such allegations be denied.

20.     As to the allegations in Paragraph 18 of Plaintiff's Complaint, Lakewood Defendants deny that as a result of Lakewood Defendants' actions Plaintiff incurred any medical expenses or contracted fibromyalgia.   Lakewood Defendants are without

knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint, requiring that such allegations be denied.

### FIRST CLAIM FOR RELIEF
#### (*Monell* Claim Against City of Lakewood)

21.     Lakewood Defendants do not respond to the allegations set forth in Paragraphs 19 to 24 of Plaintiff's Complaint, as they are the subject of a pending Motion to Dismiss.  To the extent a response is required, all such allegations are denied.

### SECOND CLAIM FOR RELIEF
#### (Against Defendants Officer Clifford, Sgt. Fahlsing, Sgt. Wagner, and Sgt. Current, Pursuant to 42 U.S.C. § 1983, Excessive Force During Search and Seizure)

22.     Lakewood Defendants incorporate by this reference their responses to all previous paragraphs, in response to Paragraph 25 of Plaintiff's Complaint.

23.     The allegations in Paragraph 26 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.  To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

24.     The allegations in Paragraph 27 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.  To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

25.     The allegations in Paragraph 28 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is

required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

26.    The allegations in Paragraph 29 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants deny that as a result of Lakewood Defendants' actions Plaintiff suffered any injuries, damages, or losses.   To the extent any other response is required, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

27.    The allegations in Paragraph 30 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants deny that as a result of Lakewood Defendants' actions Plaintiff suffered any injuries, damages, or losses, or that she is entitled to any of the relief she seeks as set forth in Paragraph 30 of Plaintiff's Complaint.   To the extent any other response is required, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

28.    Lakewood Defendants deny all allegations following the word "Wherefore" in Paragraph 31 of Plaintiff's Complaint and deny that Plaintiff is entitled to any of the relief she seeks therein.

### THIRD CLAIM FOR RELIEF
**(Against Defendant City of Lakewood, Constitutional Violation of Failure to Properly Train and Supervise)**

29.     Lakewood Defendants incorporate by this reference their responses to all previous paragraphs, in response to Paragraph 33 of Plaintiff's Complaint.[3]

30.     The allegations in Paragraph 34 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

31.     The allegations in Paragraph 35 of Plaintiff's Complaint are conclusory, incomprehensible, and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

32.     The allegations in Paragraph 36 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

33.     The allegations in Paragraph 37 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is

---

[3] Plaintiff's Complaint does not contain a paragraph numbered 32.

required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants deny the allegations.

34.     The allegations in Paragraph 38 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

35.     The allegations in Paragraph 39 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants deny the allegations.

36.     The allegations in Paragraph 40 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants deny the allegations.

37.     The allegations in Paragraph 41 of Plaintiff's Complaint, and its discrete subparagraphs, are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.  To the extent the allegations are deemed factual in nature, Lakewood Defendants deny the allegations.

38.     The allegations in Paragraph 42 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood

Defendants are without knowledge sufficient to admit or deny the allegations, requiring that they be denied.

39.     The allegations in Paragraph 43 of Plaintiff's Complaint are conclusory and seek to state an objectionable legal conclusion, and therefore no response is required.   To the extent the allegations are deemed factual in nature, Lakewood Defendants deny the allegations.

40.     Lakewood Defendants deny all allegations following the word "Wherefore" in Paragraph 44 of Plaintiff's Complaint and deny that Plaintiff is entitled to any of the relief she seeks therein.

### FOURTH CLAIM FOR RELIEF
### (Violations of 42 U.S.C. § 1986 Refusing or Neglecting to Prevent)

41.     Lakewood Defendants do not respond to the allegations set forth in Paragraphs 45 to 51 of Plaintiff's Complaint, as they are the subject of a pending Motion to Dismiss.  To the extent a response is required, all such allegations are denied.

### PRAYER FOR RELIEF

42.     Lakewood Defendants deny all allegations under the heading "Prayer for Relief" and following the word "Wherefore," on pages 11-12 of Plaintiff's Complaint and deny that Plaintiff is entitled to any of the relief she seeks.

### STATEMENT OF DENIAL OF ALLEGATIONS NOT SPECIFICALLY ADMITTED

43.     Lakewood Defendants expressly deny any and all allegations of Plaintiff's Complaint not specifically admitted herein.

### DEFENSES AND AFFIRMATIVE DEFENSES

44.     The Complaint fails to state a claim on which relief may be granted.

45.     Plaintiff is not entitled to any relief being sought or claimed in the Complaint under any of the legal theories asserted therein.

46.     To any extent the Court concludes Lakewood Defendants, or any of them, acted under color of state law with respect to Plaintiff, the individual Defendants are entitled to absolute immunity or qualified immunity, or both such immunities, as well as common law and statutory immunities, with respect to some or all of Plaintiff's claims against them.

47.     Plaintiff's claims against Lakewood Defendants, or some of them, are barred, in whole or in part, by the failure of personal participation on the part of Lakewood Defendants.

48.     On information and belief, Plaintiff failed to mitigate her damages, if any.

49.     On information and belief, some or all of Plaintiff's injuries and damages, if any, were either due to a pre-existing condition or not aggravated by any action or omission of or by Lakewood Defendants, nor proximately caused by or related to any act or omission of Lakewood Defendants.

50.     All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.   In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting any of Lakewood Defendants.

51.     At all times pertinent herein, Lakewood Defendants acted in accordance with all common law, statutory, and constitutional obligations, and without any intent to cause Plaintiff harm.   Lakewood Defendants also lacked the requisite intent to establish

any claim against them in this matter.  Plaintiff's claims also fail to establish any basis for concluding that any of Lakewood Defendants acted or failed to act in a willful and wanton manner.  The individual Defendants also possess or possessed a reasonable good faith belief in the lawfulness of all their conduct.

52.     Plaintiff's injuries and damages, if any, in whole or in part, were proximately caused by his own acts or omissions, either in combination with one another or independent of one another.

53.     Plaintiff's injuries and damages, if any, were proximately caused by the acts or omissions of third parties over whom Lakewood Defendants possessed no ability to control or right of control.

54.     To any extent, any action or inaction on the part of Lakewood Defendants was in any way involved in any detention of Plaintiff by anyone, any action or inaction by Lakewood Defendants was privileged under applicable law, including the privilege of police officers to use reasonable physical force to effect an arrest, keep a subject in custody, and defend themselves and others.

55.     In all respects, Lakewood Defendants behaved in accordance with applicable legal authority in all actions or inactions associated with Plaintiff, negating any claim of liability asserted by Plaintiff against them.

56.     Some or all of the claims attempted by Plaintiff are duplicative of one another and cannot be the basis for any duplicative recovery.

57.     Plaintiff lacks standing to assert some or all of the claims asserted in the Complaint.  Plaintiffs cannot recover respecting any constitutional violation pursuant to 42 U.S.C. §§ 1983 or 1986 that Plaintiff did not personally suffer.

58.     Plaintiff does not allege and cannot establish through proof that any custom, practice, or policy of the City of Lakewood caused or contributed to any alleged injuries or damages Plaintiff asserts.

59.     Plaintiff's claims are barred in whole or in part by the doctrines of consent, estoppel, and waiver.

60.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

61.     Lakewood Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter.

62.     At all times pertinent herein, Lakewood Defendants acted in accordance with all contractual and legal obligations.

63.     Plaintiff cannot satisfy all or some of the prerequisites to a grant of injunctive relief in this matter.  Any request for injunctive relief is moot.

64.     None of Lakewood Defendants are liable for any punitive damages pursuant to state or federal law and none of Lakewood Defendants could become liable for any such damages.

65.    The municipal entity Defendant here cannot be subjected to any claim for punitive damages as a matter of state and federal law, and all such claims are barred as a matter of law.

66.    Lakewood Defendants reserve their right to assert other or additional defenses and affirmative defenses as may become known in the course of these proceedings.

WHEREFORE, having answered all allegations of Plaintiff's Complaint that require a response, Defendants Todd Clifford, Todd Fahlsing, Michele Wagner, and the City of Lakewood move the Court for an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys' fees, and granting such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Lakewood Defendants hereby demand a trial by jury on all issues so triable.

DATED this 19th day of July, 2013.

Respectfully submitted,

*s/Matthew J. Hegarty*
Matthew J. Hegarty, Esq.
Thomas J. Lyons, Esq.
of Hall & Evans, L.L.C.
1125 Seventeenth Street, Ste. 600
Denver, CO  80202
T:  303-628-3300
F:  303-628-3368
E:  hegartym@hallevans.com
     lyonst@hallevans.com

**ATTORNEYS FOR DEFENDANTS TODD CLIFFORD, TODD FAHLSING, MICHELE WAGNER, and the CITY OF LAKEWOOD**

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that, on this 19th day of July, 2013, I electronically filed the foregoing **LAKEWOOD DEFENDANTS' PARTIAL ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

<u>Attorneys for Plaintiff:</u>

**Timothy D. Edstrom, Esq.**
**Douglas Leo Romero, Esq.**
**DOUGLAS L. ROMERO, LLC**
dougromero@coloradochristiandefensecounsel.com
timedstrom@coloradochristiandefensecounsel.com

In addition, I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participants name:

<u>Attorneys for Defendant Michelle Current</u>:

**Jonathan M. Abramson, Esq.    (Via Email)**
**KISSINGER & FELLMAN, P.C.**
jonathan@kandf.com

<u>Client:</u>
Janet Young
janyou@lakewoodco.org

*s/ Marlene Wilson*, Assistant to
Thomas J. Lyons, Esq.
Matthew J. Hegarty, Esq.
of Hall & Evans, L.L.C.
1125 Seventeenth Street, Ste. 600
Denver, CO  80202
T:    303-628-3300
F:    303-628-3368
E:    lyonst@hallevans.com
      hegartym@hallevans.com

**ATTORNEYS FOR DEFENDANTS TODD CLIFFORD, TODD FAHLSING, MICHELE WAGNER, and the CITY OF LAKEWOOD**

17