**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1642-WJM-KLM

LATONYA DENISE DAVIS,

    Plaintiff,

v.

TODD CLIFFORD, Lakewood Police Officer,
TODD FAHLSING, Lakewood Police Officer,
MICHELE WAGNER, Lakewood Police Sargent,
MICHELLE CURRANT, Lakewood Police Sargent, and
CITY OF LAKEWOOD, Jointly and Severally

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' PARTIAL MOTIONS TO DISMISS**

Plaintiff Latonya Denise Davis ("Plaintiff") brings this action against Police Officer Todd Clifford ("Clifford"), Police Sergeant Todd Fahlsing ("Fahlsing"), Police Sergeant Michele Wagner ("Wagner"), Police Sergeant Michelle Current[1] ("Current") (collectively, the "Officers"), in their individual and official capacities as officers of the Lakewood Police Department, and the City of Lakewood (the "City") (together with "The Officers," the "Defendants"), claiming constitutional violations under 42 U.S.C. § 1983.  Before this Court are the Partial Motion to Dismiss filed by Clifford, Fahlsing, Wagner, and the City ("Defendants' Motion") (ECF No. 30), and the Partial Motion to Dismiss filed by Defendant Current ("Current Motion") (together, the "Motions").  (ECF No. 32.)  For the

---

[1] Police Sergeant Michelle Current's last name is misspelled as "Currant" in the Complaint.

foregoing reasons, the Motions are GRANTED in part and DENIED in part.

## I. BACKGROUND

The following allegations, contained in Plaintiff's Amended Complaint are accepted as true for purposes of the Motions.

On February 25, 2012, Plaintiff was driving her vehicle when Clifford initiated a traffic stop at approximately 11:35 p.m. (Compl. (ECF No. 29) ¶ 6.) Plaintiff pulled into a parking lot and Clifford ordered her to exit her vehicle. (*Id.* ¶ 8.) Multiple officers carrying nightsticks approached Plaintiff's vehicle. (*Id.* ¶ 9.) They began beating on her vehicle and ordered Plaintiff to exit her vehicle. (*Id.*) Plaintiff informed the Officers that she wanted to call her attorney to put him on speaker phone because she had been attacked previously by police officers. (*Id.* ¶ 10.) Fahlsing smashed the driver's side window of Plaintiff's vehicle with his nightstick. (*Id.* ¶ 11.) The Officers then pulled Plaintiff from her vehicle, pushed her down to the glass-covered ground, and hand-cuffed her arms behind her back. (*Id.* ¶ 12.)

Plaintiff was placed in the back of a patrol vehicle, where she suffered an anxiety attack and began sweating profusely and hyperventilating. (*Id.* ¶ 14.) The Officers called for a paramedic. (*Id.*) The paramedics gave Plaintiff Ativan to calm her down. (*Id.* ¶ 15.) Plaintiff was then transported to the hospital for treatment of her injuries and anxiety attack. (*Id.*) She was later transported to the Jefferson County Jail where she was detained. (*Id.* ¶ 16.)

Plaintiff suffered injuries to her arms, shoulders, knees, face and neck as a result of the events on February 25, 2012. (*Id.* ¶17.) She has undergone fifteen corrective surgeries due to her diagnosis of fibromyalgia. (*Id.* ¶ 18.) She also continues to suffer

mental distress.  (*Id.* ¶ 17.)

On these facts, Plaintiff filed this action against Defendants on June 21, 2013. (ECF No. 1.)  On August 20, 2013, Plaintiff filed an Amended Complaint, asserting three claims under 42 U.S.C. § 1983: (1) municipal liability against the City; (2) excessive force against the Officers in both their individual and official capacities; and (3) failure to properly train and supervise against the City.  (Compl. ¶¶ 19-43.)  Defendants' Motion was filed on August 27, 2013.  (ECF No. 30.)  The Current Motion was filed on September 3, 2013.[2]  (ECF No. 32.)  Plaintiff did not respond to either motion.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

---

[2] The Current Motion incorporates by reference the arguments in Defendants' Motion. (ECF No. 32 at 4-5.)

those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III.  ANALYSIS

Defendants have moved to dismiss: (1) the general municipality liability claim against the City; (2) the official capacity claims against the Officers; (3) Plaintiff's request for exemplary damages against the Officers; and (4) Plaintiff's request for attorney's fees, to the extent any of Plaintiff's claims are dismissed.[3]  (ECF Nos. 30 at 3, 32 at 4-5.)  The Court will take Defendants' arguments in turn.

**A.     Municipal Liability**

Plaintiff asserts that the City is responsible for the alleged constitutional violations perpetrated against her by the Officers under the *Monell* theory of liability.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff asserts both a general *Monell* claim (Claim 1) and a specific municipal liability claim for failure to train and supervise (Claim 3).  (Compl. ¶¶ 19-24, 32-43.)  Defendants move to dismiss Claim 1, or in the alternative, to merge it with Claim 3 on the grounds that Plaintiff's claims are duplicative.

Generally, a municipality is not vicariously liable under Section 1983 based solely on the actions of its employees; however, when an official municipal policy or custom causes or contributes to the constitutional deprivation, the municipality may be liable for the deprivation.  *See id.; Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009).  Accordingly, to state a claim against a municipality under Section 1983, a plaintiff must

---

[3] Current did not move to dismiss Plaintiff's general municipality liability claim against the City.  (*See* ECF No. 32.)

establish that: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *Cordova*, 569 F.3d at 1193.

Here, Plaintiff's first claim is that the City's "policies, customs and usages" led to "deliberate indifference" on the part of the Officers. (Compl. ¶ 22.) Plaintiff has not identified any specific policy or custom that led to the alleged constitutional deprivation at issue. However, "[a] municipal policy or custom may take the form of . . . the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." *Bryson v. Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal citation and quotation marks omitted). Since the only policy or custom giving rise to potential liability in Claim 1 is identical to Claim 3, the Court finds that the claims are duplicative. Accordingly, Plaintiff's general *Monell* claim (Claim 1) should be merged with her failure to train and supervise claim (Claim 3).

**B.    Official Capacity**

Defendants argue that Plaintiff's second claim for relief should be dismissed because it is redundant with Plaintiff's Section 1983 claim against the City. The Court agrees. As this Court has stated:

> A § 1983 claim is properly plead against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant. [O]fficial capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent . . . . Where a suit contains both entity and official capacity claims, the only defendant is the entity.

*Davoll v. Webb,* 943 F. Supp. 1289, 1295 (D.Colo.1996) (internal quotation marks and citations omitted); *see also Jones v. Barry*, 33 F. App'x 967, 972 (10th Cir. 2002) ("For

purposes of § 1983, the District of Columbia is treated like a municipality, and [a] section 1983 suit for damages against [District of Columbia] officials in their official capacities is thus equivalent to a suit against the [District of Columbia] itself.").

Accordingly, the claim against the Officers in their official capacities should be dismissed. *See Villagomez v. Aurora*, 2006 WL 1707971 (D. Colo. June 20, 2006) ("As Plaintiff has already named the City of Aurora as a Defendant, any claims against Defendant Kurian in his official capacity are redundant and should be dismissed."). The claim against the Officers in their individual capacities, however, remain pending.

**C.     Exemplary Damages**

Defendants argue that Plaintiff's claim for exemplary damages against the Officers should be dismissed because the Complaint does not contain factual allegations alleging that the Officers acted "with malice, with evil motive, willfully, or reckless indifference to Plaintiff's civil rights, or that they objectively knew their actions were unconstitutional." (ECF Nos. 30 at 9, 32 at 4-5.)

Punitive or exemplary damages are available in a Section 1983 action when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Based on the allegations in the Complaint, the Court finds that Plaintiff could show at trial that the Officers acted with reckless or callous indifference to her constitutional rights. (*See* Compl. ¶¶ 11 ("Fahlsing violently smashed the driver's side window of [Plaintiff's] vehicle with his nightstick."), 12 ("[The Officers] then dragged [Plaintiff] from her vehicle, pushed her down to the glass covered ground, wrenched her

arms behind her back and hand-cuffed her.")) Accordingly, Plaintiff's request for exemplary damages should not be dismissed.

**D.     Attorney's Fees**

Defendants move to dismiss Plaintiff's request for attorney's fees for time spent on the claims dismissed in this Order. "[A] plaintiff cannot receive fees for time spent on 'distinctly different claims for relief that are based on different facts and legal theories' and on which the plaintiff does not succeed." *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1254 (10th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 425, 434-35 (1983)).

The Court has only dismissed Plaintiff's claim against the Officers in their official capacities. However, that claim is "based on the same core of facts and legal theories" as Plaintiff's remaining claim against the officers in their individual capacities. *See id.* An award of attorney's fees on that claim may be appropriate if Plaintiff were to prevail at trial. *See id.* (finding no abuse of discretion in awarding attorney's fees for time spent on claim that was dismissed). Accordingly, Plaintiff's request for attorney's fees should not be dismissed.

## IV.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Defendants' Partial Motion to Dismiss Amended Complaint (ECF No. 30) is GRANTED IN PART and DENIED IN PART;

2. Current's Partial Motion to Dismiss Amended Complaint (ECF No. 32) is GRANTED IN PART and DENIED IN PART;

3. Plaintiff's general *Monell* claim (Claim 1) is merged with Plaintiff's failure to train and supervise claim (Claim 3);

    4. Plaintiff's claim against the Officers in their official capacities is DISMISSED WITHOUT PREJUDICE;

    5. The Motions are DENIED in all other respects; and

    6. This action shall proceed on Plaintiff's claims for excessive force against Clifford, Fahlsing, Wagner, and Current in their individual capacities (Claim 2) and failure to properly train and supervise against the City (Claim 3).

Dated this 7th day of March, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge