**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1642-WJM-KLM

LATONYA DENISE DAVIS,

    Plaintiff,

v.

TODD CLIFFORD, Lakewood Police Officer,
TODD FAHLSING, Lakewood Police Sergeant,
MICHELE WAGNER, Lakewood Police Sergeant,
MICHELLE CURRENT, Lakewood Police Sergeant, and
CITY OF LAKEWOOD, jointly and severally,

    Defendants.

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is a letter received from Plaintiff Latonya Davis ("Davis") dated September 1, 2015. (ECF No. 118.) Davis contends that this Court entered judgment against her before she had an opportunity to reply in support of a motion for summary judgment, and she "beg[s] this Honorable Court to please review the contents of [her] Reply and reverse the summary judgment in favor of Lakewood Defendants." (*Id.* at 2.) The Court construes Davis's letter as a Federal Rule of Civil Procedure 59(e) motion for relief from judgment. Although Davis has since filed a notice of appeal (ECF No. 119), it appears the Court retains jurisdiction to decide such a Rule 59(e) motion. *See* Federal Rule of Appellate Procedure 4(a)(4). To the extent this Court does not have jurisdiction, it provides an indicative ruling per Federal Rule of Civil Procedure 62.1. For the reasons stated below, the motion is denied.

Defendants moved for summary judgment in October 2014. (*See* ECF Nos. 90, 92.) Davis responded a few weeks later. (ECF Nos. 97, 98.) Defendants replied soon after that. (ECF Nos. 99, 102.) The undersigned referred Defendants' summary judgment motions to United States Magistrate Judge Kristen L. Mix for a Report & Recommendation. (ECF Nos. 91, 93.) The Magistrate Judge provided her Recommendation on July 23, 2015. (ECF No. 109.) The Magistrate Judge informed the parties that they had fourteen days to file any written objections. (*Id.* at 36.)

Precisely fourteen days later (August 6, 2015), Davis filed what she titled a "Motion to Alter or Amend Summary Judgment." (ECF No. 110.) In that motion, however, she asked the Court to "reverse its decision granting summary judgment on behalf of the Lakewood Defendants" and she stated that she "submit[ted] this objection for the following reasons . . . ." (*Id.* at 2.) Given the timing of the filing and language such as the foregoing, the Court entered the following order on August 17, 2015:

> This matter is before the Court on Plaintiff's "Motion to Alter or Amend Summary Judgment". The Court construes Plaintiff's Motion as an Objection to the Recommendation of United States Magistrate Judge, filed pursuant to Rule 72(b). Should the Defendants determine that a Response to the construed Objection is necessary, said Response shall be filed on or before August 31, 2015, and shall be in conformity with this Court's Revised Practice Standard III.C.2. No Reply will be permitted.

(ECF No. 113.)

On August 20, 2015, Defendants filed their response. (ECF No. 114.) On August 31, 2015, this Court overruled Davis's objections and granted Defendants' summary judgment motions. (ECF No. 115.) Judgment entered that same day. (ECF No. 116.) However, even later on that same day, Davis filed a "Reply to [Defendants']

Response to Plaintiff's Objection to Recommendation of United States Magistrate Judge." (ECF No. 117.)

The next day, Davis filed the letter which this Court is construing as a Rule 59(e) motion. (ECF No. 118.) Davis argues that D.C.COLO.LCivR 56.1(a) gives her fourteen days from the date of Defendants' August 20 response to file a reply, and that this Court erred by entering its order and judgment before considering her reply. (*Id.* at 1–2.)

Davis is mistaken. As Davis herself recognizes, D.C.COLO.LCivR 56.1 relates to motions for summary judgment. (*See id.*) Objections to a Magistrate Judge's recommendation—even a recommendation regarding summary judgment—are not themselves motions for summary judgment. They are governed by Federal Rule of Civil Procedure 72(b) and the undersigned's Revised Practice Standard III.C.2.

Rule 72(b) does not contemplate a reply to a response to an objection. *See* Fed. R. Civ. P. 72(b)(2). Thus, this Court specifically stated in its August 17 order, "No Reply will be permitted." (ECF No. 113.) Accordingly, Davis's September 1, 2015 letter, construed as a Rule 59(e) motion, is DENIED.

Dated this 8th day of September, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

3